**UNITED STATES of America,
Appellee,**

v.

**Douglas B. DROZD, Appellant.**

**No. 74–1963.**

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit Rule
12(6) Feb. 24, 1975.

Decided March 26, 1975.

Stuart S. Ball, Ball, Elwell, Hayden, Livingston & Nelson, Newark, N. J., for appellant.

William T. Pizzi, Asst. U. S. Atty., Jonathan L. Goldstein, U. S. Atty., John J. Barry, Asst. U. S. Atty., Chief, Appeals Div., Newark, N. J., for appellee.

Before VAN DUSEN, GIBBONS, and HUNTER, Circuit Judges.

## OPINION OF THE COURT

GIBBONS, Circuit Judge.

Douglas Drozd appeals from a judgment of sentence following conviction on an indictment charging him with wilfully refusing to submit to induction in violation of 50 U.S.C., Appendix, § 462. Drozd waived both a jury trial and the provision of Rule 23(c) Fed.R.Crim.P. that the court on request find the facts specially.

The government presented no testimony, but offered four exhibits which were received in evidence. Exhibit G–1 is the registrant's selective service file. Exhibit G–2 is a letter dated February 25, 1972 from Williard I. Silverberg, Regional Counsel for Region III, Selective Service System to the New Jersey State Director of the Selective Service System. Exhibit G–3 is a letter from Mr. Silverberg to the State Director, dated March 16, 1972. Exhibit G–4 is a letter from Mr. Silverberg to the United States Attorney for the District of New Jersey also dated March 16, 1972. When these exhibits were received in evidence, and certain historical facts which had been stipulated to were related, the government rested. Drozd then made a motion for a judgment of acquittal on the ground that the file did not establish that the Selective Service System properly rejected his conscientious objector claim. The court reserved decision and Drozd offered no testimony. The court,

after reviewing the selective service file, found the defendant guilty. The sentence appealed from followed.

Before turning to the selective service file, we note that exhibits G–2, G–3, and G–4, while interesting, do not add anything of substance to the government's case. Exhibit G–2 reads:

"The file of the subject registrant is returned.

It is the opinion of this office that the local board must state why the registrant failed to convince them of his sincerity. The reasons must be based on facts in the file derived from his personal appearance."

The date stamps show that G–2 was received at the New Jersey State Headquarters, Selective Service System on February 29, 1972, and at the Local Board March 30, 1972, although no copy appears in G–1.

Exhibit G–3 reads:

"The file of the subject registrant is returned. He was reported to the United States Attorney for prosecution on this date.

Please notify this office of any change in status of the registrant.

Thank you for your cooperation."

The date stamp shows that G–3 was received at State Headquarters on March 17, 1972.

G–4 addressed to the United States Attorney on the same day as G–3, reads:

"Transmitted herewith is an original and one copy of SSS Form 301 in re the subject registrant.

The file has been reviewed and is procedurally correct."

Thus it appears that as of February 25, 1972 the Regional Counsel of the Selective Service System was convinced that the Local Board's statement of reasons for rejecting the registrant's conscientious objector claim was insufficient. There is a gap in the record. G–3 seems to have accompanied the return of Drozd's selective service file by Mr. Silverberg to the State Director. Yet, there is no explanation as to how the file came back to Silverberg a second time.

Nor is there any indication as to what was said which prevailed upon him to change his mind and recommend the case for prosecution. Possibly the inclusion of G's–2, 3 and 4 in the government's case reflects a degree of unenthusiasm for the position of the Selective Service System in Drozd's case. This, of course, is speculation.

Turning to G–1, the selective service file, we find that Drozd registered with Local Board # 40 on October 7, 1966. The Board classified him II–S on November 8, 1966 since he was a student at Seton Hall University. On November 7, 1968 he was classified I–D when he became a member of the Army ROTC. On October 7, 1970 Local Board # 40 was notified that he had been dropped from the ROTC program. On October 19, 1970 Drozd requested an SSS Form 150. It appears that this request was made in person at the Local Board, since a handwritten note making the request is dated, but not date stamped, as seems to be the case with communications the Local Board receives by mail. The same date he was classified I–A. On October 19, 1970 Drozd was reclassified I–A, and on November 12, 1970 he was ordered to report for an Armed Forces Physical Examination. On November 19, 1970 the Local Board sent Drozd a Form 150 which, on its face, instructed him to "complete and return within 30 days." His Form 150 was received by the Local Board on December 18, 1970. It sets forth not merely a prima facie claim, but a rather thorough and on the surface quite convincing claim that Drozd had gradually become convinced of his conscientious objection to all wars on religious grounds.

Despite the fact that he had a Form 150 on file with the Local Board, the record shows that on April 21, 1971 the Board again classified him I–A. There is no minute or record in the file reflecting the reasons for that action, or even the vote thereon. However, a Selective Service System Report of Information signed by the Board Secretary and dated February 4, 1971 contains this interesting information:

"Recruiter at ROTC at Seton Hall Univ. asked about above-named registrant.

He said they had so much trouble with him and if ever we needed him or his colonel for any help we should let him know.

This registrant is now in the Virgin Islands. I wrote and told him to have his physical transferred but he failed to do so." [1]

Although the Local Board had apparently already rejected his conscientious objector claim on April 21, 1971 it wrote to him on May 27, 1971.

"Local Board No. 40 members request that you appear for a hearing on June 8, 1971 (Tuesday evening) at 9:30 p. m., at 205 W. Main St., Somerville, N. J. with reference to your claim for conscientious objector."

The Board record shows that this was a statutory reopening of his classification and a hearing on his Form 150 claim. Its action appears on the hearing record's cover sheet as follows: "1624.-2(d) ⌐ Case Re-Opened.—Reclassified as Class **IA.**" Attached to the cover sheet are three pages. One is a handwritten summary, apparently of the June 8 interview by someone not identified. The other two, typewritten, are in cryptic question and answer form, reflecting, apparently, Drozd's interrogation by the Board member who conducted the interview. The interrogation is more suggestive of the attitude of the Board member than of the registrant. For example:

"All wars have been fought in vain—we are still fighting—basic structures of bible have influenced me strongly.

You feel the past wars have been fought in vain—as far as cost of human life—How about the cost of your freedom?

Do I understand we should just roll over dead and give up freedom? The line is drawn when it is a question of life or death.

You would be content to live under restrictions? In any situation I would try to do what I could as an individual—to do what I think is right.

Do you have a family? If their life was taken in war you wouldnt [sic] do anything about it. No, I wouldn't revenge."

There is no objective evidence in Drozd's answers suggesting his insincerity. There is no comment in the records of the interview with respect to his demeanor. On the sheet where the Board action is recorded there appears in unidentified handwriting:

"failed to convince local board of sincere conscientious objection to all war on religious or philosophical grounds."

This statement is the only actual recording of the Local Board's reasons. The extent of its ambiguity can best be gleaned from the interpretation of the Board Secretary in her letter of June 10, 1971:

"The local board has denied your request for conscientious objector classification because you failed to convince the board of your sincerity on your religious beliefs—or your objection to all wars."

Actually the original Board statement made on the hearing cover sheet appears to mean that it was unconvinced of the sincerity of his objection to all wars, not that it was unconvinced of the sincerity of his religious beliefs. Moreover the Board statement refers to both religious and philosophical grounds, while the letter refers only to religious beliefs.

The district court, in denying the motion for judgment of acquittal did not state the reasons for its ruling. In a ruling on a motion to set aside the judgment, however, the court in a letter opinion said:

"The statement of the Third Circuit Court of Appeals In United States v. Neamand, 452 F.2d 25 (3d Cir. 1972) as to the sufficiency of the reasons set

---

1. The file discloses that although Drozd had asked to be examined in the Virgin Islands he had left there in late February and returned to New Jersey. The file also discloses that he informed the Board and that on March 22, 1971, by arrangement with the Board he took his physical.

forth by the Board, although dicta, is applicable to this case. Under the *Neamand* standard, the reasons set forth by the Board were sufficient in this case."

*But compare, e. g.,* United States v. Andersen, 447 F.2d 1063, 1067 (9th Cir. 1971); United States v. Abbot, 425 F.2d 910, 913 (8th Cir. 1970). We need not, however, determine whether the Local Board's ambiguous statement in this record was a sufficient compliance with the rule developed in Scott v. Commanding Officer, 431 F.2d 1132 (3d Cir. 1970), United States v. Crownfield, 439 F.2d 839 (3d Cir. 1971), and United States v. Neamand, 452 F.2d 25 (3d Cir. 1971). The statement of reasons that was significant here was not that of the Local Board but that of the Appeal Board, since Drozd took an administrative appeal. 32 C.F.R. § 1626.26 (1971); United States v. Jones, 468 F.2d 454, 457 n. 9 (3d Cir. 1972); United States v. Crownfield, 439 F.2d 839, 842 n. 2 (3d Cir. 1971).

When Drozd was notified of the Local Board action he took advantage of the procedure permitted by the then applicable regulations to add personally prepared written materials to his file. See 32 C.F.R. § 1626.12 (1971). This consisted of his own four page statement specifying in what matters he thought the Local Board erred, reiterating the sincerity of his religious beliefs, explaining his ROTC participation and eventual change of views, and expressing his willingness to undergo alternative service. He concluded:

> "These are my honest feelings. I firmly believe that I am right and will adhere to them even if it means a prison term. I also have God on my side."

**2.** The governing regulation, 32 C.F.R. § 1626.-24 (1971), then provided:

> "(b) In reviewing the appeal and classifying the registrant, the appeal board shall not receive or consider any information other than:

Drozd also included letters from his pastor, his college roommate, his sister and a friend attesting to the sincerity of his religious beliefs. All of this written information was included in the record forwarded by the Local Board to the Appeal Board. There is no indication that the Appeal Board considered any of it.[2] Indeed the contrary appears, for in the Selective Service Report of Information dated August 19, 1971, Panel No. 1, New Jersey Appeal Board, recorded its action as follows:

> "For the reasons set forth in the opinion of the local board, the I–A Classification is affirmed."

Thus it affirmatively appears that the Appeal Board did not classify anew, but merely affirmed the action of the Local Board, and did not take into account the supplemental materials in the file added after the Local Board's decision. Moreover, there is no "opinion" of the Local Board, and we cannot tell whether the Appeal Board refers to the June 8 notation of the Board action or the June 10 letter which added the dimension of insincerity of religious beliefs. The August 19, 1971 decision of the Appeal Board does not comport with the standards of Scott v. Commanding Officer, *supra*; United States v. Crownfield, *supra*; United States v. Neamand, *supra*. The Appeal Board classification on the basis of which the induction order issued was unlawful.[3]

Exhibit G–1 is not sufficient to support a finding beyond a reasonable doubt that Drozd's refusal to be inducted violated 50 U.S.C., Appendix, § 462. Accordingly there was insufficient evidence to support a conviction. The judgment appealed from will be reversed.

> (1) Information contained in the record received from the local board."

**3.** Drozd did report for induction, but, as he predicted in his letter to the Appeal Board, he refused induction and risked prison.